UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>ANGELA OCKUNZZI,<br><br>              Defendant. | Case No.: 2:10-cr-272-LDG-GWF<br><br>**OMNIBUS ORDER REGARDING CLARIFICATION OF RESTITUTION** |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>SHARI WONG CULOTTA,<br><br>              Defendant. | Case No.: 2:10-cr-300-JCM-PAL |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>PATRICK AKOOPIE,<br><br>              Defendant. | Case No.: 2:10-cr-304-ECR-RJJ |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>ROBERT ROZZEN,<br><br>              Defendant. | Case No.: 2:10-cr-305-RLH-PAL |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 2:10-cr-317-LDG-RJJ |
| vs. | ) | |
| DENNIS MORALES, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 2:10-cr-319-JCM-GWF |
| vs. | ) | |
| PARKER ENLOE, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 2:10-cr-320-KJD-PAL |
| vs. | ) | |
| TODD EDMOND, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 2:10-cr-322-PMP-GWF |
| vs. | ) | |
| BEVERLY ANTONIO, | ) | |
| Defendant. | ) | |

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> PAUL WAGNER, ) <br> ) <br> Defendant. ) | Case No.: 2:10-cr-399-MMD-GWF |
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MARK GONZALEZ, ) <br> ) <br> Defendant. ) | Case No.: 2:12-cr-00446-GMN-VCF |

The Clerk of Court's finance department requires clarification of restitution orders in the above-referenced cases before it can begin processing payments to any identified victims. While the defendants were charged in separate cases, some of their conduct relates to the same real property. After restitution was ordered, the Court's Finance Department created separate restitution accounts for each victim which revealed inconsistencies. These must be resolved before defendants' payments can be properly allocated.

The first clarification required pertains to Defendant Mark Gonzalez's Judgment of Conviction, (Case No. 2:12-cr-446-GMN-VCF, ECF No. 18) ("Gonzalez J.").[1] In the Judgment, Defendant Gonzalez's restitution was not ordered joint and several as to any other defendants. When Defendant Wagner's Judgment of Conviction, (Case No. 2:10-cr-399-MMD-GWF, ECF No. 282) ("Wagner J."), was entered, however, Defendant Wagner's

---

[1] In the interest of efficiency, the Court hereinafter refers to each Defendant using only their last names.

restitution was ordered to be paid jointly and severally with Defendant Gonzalez. The Court's finance office cannot allocate or disperse any restitution amount collected until this apparent inconsistency is addressed. Therefore, the U.S. Attorney is required to clarify whether or not the restitution amounts listed for Defendants Gonzalez and Wagner are, in fact, joint and several.

The Court seeks an additional clarification in regards to Defendant Gonzalez's Judgment of Conviction. The Judgment identifies CitiMortgage as a victim with a loss of $439,141.34. However, on the victim spreadsheet provided to the Court's finance department by the U.S. Attorney's Office, there are no properties listed for CitiMortgage. It appears the true victims may have been Freddie Mac and Fannie Mae for this Defendant (if the Judgment amounts originally assigned to CitiMortgage were for Fannie Mae properties). Based on the U.S. Attorney's spreadsheet, the total loss amount for Freddie Mac is $694,616.00, and the total loss amount for Fannie Mae is $1,079,890.72. Therefore, the U.S. Attorney is required to clarify: (1) whether the restitution amounts are joint and several; and (2) whether CitiMortgage is accurately identified as a victim or if the victims are only Freddie Mac with a loss of $ 694,616.00 and Fannie Mae with a loss of $1,079,890.72.

The property at 6789 Kostner Street is listed as a victim as to Defendants Edmond, (*see* J., Case No. 2:10-cr-320-KJD-PAL, ECF No. 30) ("Edmond J."), Enloe, (*see* Am. J., Case No. 2:10-cr-319-JCM-GWF, ECF No. 50) ("Enloe Am. J."), Gonzalez, (*see* Gonzalez J.), Ockunzzi (*see* J., Case No. 2:10-cr-272-LDG-GWF, ECF No. 44) ("Ockunzzi J."), Rozzen (*see* J., Case No. 2:10-cr-305-RLH-PAL, ECF No. 41) ("Rozzen J."), Wagner (*see* J., Case No. 2:10-cr-399-MMD-GWF, ECF No. 282) ("Wagner J."), and Wong Culotta (*see* J., Case No. 2:10-cr-300-JCM-PAL, ECF No. 22) ("Wong Culotta J."). On the victim spreadsheet provided by the U.S. Attorney's Office, there are two separate amounts for this property, one loss amount totaling $219,273 and another totaling $175,245.42. Therefore, Defendants Emond, Ockunzzi, Wong

Culotta, and Rozzen appear to be responsible joint and severally for the $219,723 amount (Defendant Rozzen's portion of which is $186,796.56). Additionally, there appears to be a separate joint and several amount of restitution ordered to be paid by Defendants Gonzalez and Wagner for the $175,245.42 amount. However, in the original spreadsheet provided by the U.S. Attorney, Defendant Enloe is listed as being ordered to pay $50,172.54 for the same property. This same amount is owed on a different property on the same street, 6765 Kostner Street, which also identifies the victim as Fannie Mae. Accordingly, it appears that two separate Joint and Several accounts are needed for Fannie Mae on the 6789 Kostner Street property, and Defendant Enloe alone will owe Fannie Mae a restitution amount for the 6765 Kostner Street property. The U.S. Attorney is only required to confirm whether this interpretation above is accurate, as it would not change the victim's or Defendants' amounts.

The next clarification required pertains to defendants Enloe, (*see* Enloe Am. J.), Rozzen, (*see* Rozzen J.), Wagner, (*see* Wagner J.), Wong Culotta, (*see* Wong Culotta J.), Akoopie, (*see* Judgment, Case No. 2:10-cr-304-ECR, ECF No. 19), Edmond, (*see* Edmond J.), and Antonio, (*see* Am. J., Case No. 2:10-cr-322-PMP-GWF, ECF No. 27). The properties at 8016 Crazy Train and 3928 Maldive appear twice on the U.S. Attorney's spreadsheet for the exact same amounts. For some Defendants this amount is listed as being owed to CitiMortgage, yet for other defendants it is listed as being owed to Fannie Mae. The U.S. Attorney is required to verify the total loss amount for these two properties and to identify the victim(s) for these two properties.

Finally, the same verification is required with regards to the 9132 Fusion Drive property. This property pertains to defendants Enloe, (*see* Enloe Am. J."), Rozzen (*see* Rozzen J.), Wagner (*see* Wagner Am. J.), Wong Culotta (*see* Wong Culotta J.), Edmond (*see* Edmond J.), Gonzalez (*see* Gonzalez J.), and Morales (*see* Judgment, Case No. 2:10-cr-317-LDG-RJJ, ECF No. 20). According to the victim spreadsheet, Edmond owes $206,531.48 individually to

Fannie Mae, and Enloe, Gonzalez, Rozzen, Wagner, and Wong Culotta owe a joint and several total to Fannie Mae of $241,762.92 (for a total loss to Fannie Mae of $448,294.40). On the victim spreadsheet, it shows that Wagner owes this exact same amount of $206,532.48 joint and severally to the FDIC for what used to be PMC Bancorp. Morales also owes $248,538.00 to the FDIC for the same property. The Court requires clarification for the total loss amount for this property and identification of the victim(s) for this property.

Accordingly,

**IT IS HEREBY ORDERED** that the U.S. Attorney's Office shall provide clarification of the above-identified restitution issues no later than Friday, April 20, 2018. The response shall be filed in each of the cases listed in the caption of this order.

**IT IS FURTHER ORDERED** that the Defendants will have 14 days to file any replies to the Government's response.

**DATED** this __26th__ day of March, 2018.

_____
GLORIA M. NAVARRO
Chief Judge, United States District Court

_____
LLOYD D. GEORGE
United States District Court Judge

_____
JAMES C. MAHAN
United States District Court Judge

_____
KENT J. DAWSON
United States District Court Judge

_____
MIRANDA M. DU
United States District Court